UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| MICHAEL JOHNSON and SHARON JOHNSON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:05-CV-20 PPS PRC |
| FORTIS INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is Plaintiffs' Motion To Remand for Lack of Diversity Jurisdiction. [DE 14] Plaintiffs argue the Court lacks jurisdiction over this insurance dispute because the amount in controversy does not exceed $75,000. Defendant maintains that jurisdiction exists because Plaintiffs admitted shortly before removal that their damages exceeded $75,000. The Court agrees with Defendant. Plaintiffs' motion to remand is denied as explained below.

## BACKGROUND

In March 2004, Plaintiffs Michael and Sharon Johnson filed suit against Defendant Fortis Insurance Company in Jasper Circuit Court. [DE 1] Plaintiffs allege that Fortis had issued to them a health insurance policy that provided health insurance benefits to Plaintiffs (who are married) and their dependent children. *Id*. Plaintiffs further allege that, after the policy was issued, Plaintiff Michael Johnson developed a spinal disorder for which he received medical treatment. *Id*. The treatment resulted in hospital and medical expenses totaling $15,574.25. *Id*. Plaintiffs claim that Fortis wrongfully denied payment of these expenses and also wrongfully rescinded Plaintiffs' policy after Plaintiffs refused to exclude all past and future coverage for Mr.

Johnson. *Id*. Plaintiffs claim that Fortis' actions constitute a breach of the duty of fair dealing, bad faith, and unfair claim settlement practices. *Id*.

Consistent with Indiana law, Plaintiffs' complaint did not specify a dollar amount in its prayer for relief. *Id*. It did, however, delineate the various types of damages sought by Plaintiffs, including compensatory damages, consequential damages, punitive damages, injunctive relief, and attorneys' fees. *Id*.

The case proceeded to discovery in state court. On January 5, 2005, Fortis tendered the following request for admission to each Plaintiff: "Admit that your total claimed damages do not equal or exceed $75,000 as a result of the incident which is the subject of the above-captioned lawsuit." [DE 18, Exs. B, C] On January 9, 2005, Plaintiffs denied the request in separate responses. [*Id*., Exs. D, E] On January 18, 2005, Fortis removed the case to federal based on diversity jurisdiction. [DE 2] In its Notice of Removal, Fortis alleged that it is a citizen of Wisconsin, that Plaintiffs are citizens of Indiana, and that the amount in controversy exceeds $75,000. *Id*. Attached to Fortis' Notice of Removal were Plaintiffs' responses to the request for admission regarding whether their claimed damages equaled or exceeded $75,000. *Id*. Although the removal was made more than 30 days after service of the complaint on Fortis, Plaintiffs did not object to the removal at the time it occurred.

In October 2005, several months after removal, Fortis deposed each Plaintiff. Plaintiff Michael Johnson testified at his deposition that the only damages he suffered from Fortis' rescission of the insurance policy are: 1) his medical bills which Johnson believed to be less than $25,000; and 2) his concerns about not having any health insurance for his wife and children.

[DE 14] The same day, Plaintiff Sharon Johnson testified at her deposition that she is not claiming any economic damages distinct from Plaintiff Michael Johnson's damages. *Id*.

On February 1, 2006, Fortis moved for summary judgment. [DE 15] Plaintiffs have never responded to that summary judgment motion. Instead, on the same day that the summary judgment motion was filed, Plaintiffs moved to remand the case for lack of jurisdiction. [DE 14] According to Plaintiffs, the above-referenced deposition testimony shows that the amount in controversy is less than the $75,000 jurisdictional threshold.

## **DISCUSSION**

Diversity jurisdiction is present when the parties are completely diverse and the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Complete diversity is not a worry here because Plaintiffs are citizens of Indiana and Fortis is a citizen of Wisconsin. Thus, Plaintiffs' motion hinges solely on whether the amount in controversy exceeded $75,000 at the time of removal.

"Whichever side chooses federal court must establish jurisdiction." *Brill v. Countrywide Home Loans, Inc*., 427 F.3d 446, 447 (7th Cir. 2005). When a complaint alleges an amount in controversy, it controls unless recovering that amount is legally impossible. *See Rising-Moore v. Red Roof Inns, Inc*., 435 F.3d 813, 815 (7th Cir. 2006). This principle does not help here because Plaintiffs' complaint makes no such allegation. In fact, an Indiana rule bars Plaintiffs from doing so. Ind. Trial R. 8(A)(2). Thus, the amount in controversy must be evaluated in some other way.    Where jurisdictional allegations are contested, the proponent of federal jurisdiction must prove those jurisdictional facts by a preponderance of the evidence. *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). Once those jurisdictional facts

have been established, any uncertainty about whether the plaintiff can prove its substantive claims, and whether damages will exceed the threshold, does not justify dismissal or remand. *Id*. Only if it is "legally certain" that the recovery will be less than the jurisdictional floor should the case be remanded. *Id*.

A removing party "need not show that the plaintiff will *prevail* or collect more than $75,000 if he does." *Rising-Moore*, 435 F.3d at 816 (emphasis in original). Rather, the burden is to show "what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold." *Id*.; *see also Brill*, 427 F.3d at 449 ("The demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether plaintiff is likely to win or be awarded everything he seeks."). The parties agree – and the law is clear – that the removing party bears the burden of demonstrating that the amount-in-controversy requirement was met at the time of removal. *See Andrews v. E.I. Du Pont De Nemours and Co.*, 447 F.3d 510, 5153 (7th Cir. 2006); *Geschke v. Air Force Ass'n*, 425 F.3d 337, 341 (7th Cir. 2005); *Tylka v. Gerber Products Co.*, 211 F.3d 445, 448 (7th Cir. 2000).

A district court is not deprived of jurisdiction where "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938); *accord Rising-Moore*, 435 F.3d at 816 ("post-removal events – even an irrevocable promise not to accept more than the jurisdictional minimum – do not authorize remand of a suit that was within federal jurisdiction when removed"); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 429 (7th Cir. 1997); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 367 (7th Cir. 1993) (post-

4

removal stipulation is problematic because it conflicts with a legal maxim that jurisdiction depends on the situation at the time of removal.")

Fortis has shown by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of removal. In separate requests for admission, Fortis asked Plaintiffs to admit that their total claimed damages did not equal or exceed $75,000. Plaintiffs denied the request. The only logical conclusion from Plaintiffs' denial is that Plaintiffs believed that their total claim damages equaled *and* exceeded $75,000. Had Plaintiffs believed that their total claimed damages merely equaled but did not exceed $75,000 (a position that would not have satisfied the amount-in-controversy requirement), the Indiana rules required Plaintiffs to say so in their responses. *See* Ind. Trial R. 36(A) ("A denial [of a request for admission] shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder.")

Fortis cites *Roman v. Grafton Transit, Inc.*, 948 F. Supp. 736 (N.D. Ill. 1996) (J. Bucklo), which we find instructive. In *Roman*, the plaintiff filed a personal injury suit in state court and his complaint did not allege an amount in controversy. *Id*. at 738. The defendants removed the case and the plaintiff moved to remand. *Id*. The Court denied the remand motion based in part on the plaintiff's response to a request for admission, in which the plaintiff admitted that he was claiming in excess of the jurisdictional threshold. *Id*. For all practical purposes, Plaintiffs did the same thing here. By denying that their claimed damages did not equal or exceed $75,000, they admitted that their claimed damages equaled and exceeded $75,000. Based on this evidence, Fortis properly removed the case to federal court.

5

It is worth noting that at least one judge in the Northern District of Illinois appears to have reached a contrary result. *See Pancotto v. Home Depot U.S.A., Inc.*, No. 03 C 6315, 2004 WL 1088231 (N.D. Ill. May 14, 2004) (J. Der-Yeghiayan). In *Pancotto,* the court *sua sponte* raised the issue of jurisdiction and remanded the case to state court for failure to satisfy the amount-in-controversy requirement even though the plaintiff had admitted in response to a request for admission that he was seeking in excess of $75,000. *Id*. at *1-2. The court reasoned that the plaintiff's admission was "not determinative because his speculation is not sufficient to establish the amount-in-controversy requirement." *Id*. at *2. The court also noted that simply because the plaintiff's attorney was not willing to admit that his client's recovery will be less than $75,000, that alone is not sufficient reason to conclude that the amount in controversy is met. *Id*. According to the *Pancotto* court, "it is contrary to the nature of an advocate representing a client to willingly limit the amount that his client is entitled to recover." *Id*.

*Roman* is more persuasive than *Pancotto* and it is more in line with Seventh Circuit precedent. In this case, by denying that their damages did not exceed $75,000, Plaintiffs (like the plaintiff in *Roman*) conceded that they hoped to get more than $75,000 from the litigation. *See Rising-Moore*, 435 F.3d at 816 (removing party's "burden is to show what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold."). One can fairly conclude from Plaintiffs' response that they are claiming more than $75,000 in this case. *Brill*, 427 F.3d at 449 ("The demonstration concerns what the plaintiff is claiming . . . , not whether plaintiff is likely to win or be awarded everything he seeks."). Moreover, while this amount may be "speculative" to some degree, its lack of certainty does not defeat federal jurisdiction. *See*

6

*Meridian Security*, 441 F.3d at 541 ("Whether damages will exceed $75,000 is not a fact but a prediction, and . . . the court must decide whether to a legal certainty . . . the claim is really for less than the jurisdictional amount.") (internal quotations omitted).

Furthermore, the Court does not share *Pancotto*'s view that a response to a request for admission regarding the amount of claimed damages ought not be enough to satisfy the amount in controversy. In *Meridian Security*, the Seventh Circuit provided a broad, non-exclusive list of ways to show that the amount in controversy requirement has been satisfied; and a response to a request for admission is among them. 441 F.3d at 541-42 (suggesting several ways for removing to defendant to show amount in controversy including "contentions interrogatories or admissions in state court").

It was not legally impossible at the time of removal for the Plaintiffs to recover more than $75,000. The complaint in this case alleges that Fortis committed the tort of bad faith handling of an insurance claim. Plaintiff's complaint alleges that Fortis failed to pay $15,574 in medical expenses and also unilaterally rescinded the policy causing "consequential damages" to the Plaintiffs and their children. The complaint requests damages, including punitive damages, as well as attorney's fees and costs. When punitive damages are required to satisfy the requisite amount-in-controversy, a two-part inquiry is necessary. *Del Vecchio v. Conseco, Inc*., 230 F.3d 974, 978 (7th Cir. 2000). First, the court must determine whether punitive damages are recoverable under state law. *Id*. Under Indiana law, that is plainly the case here based on Plaintiff's bad faith claim. *See Erie Ins. Co. v. Hickman*, 622 N.E.2d 515, 519 (Ind. 1993). If the answer is yes, the court then has subject matter jurisdiction "unless it is clear beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional

amount." *Del Vecchio*, 230 F.3d at 978 (citation omitted).  In other words, only if it were "legally impossible" for Plaintiffs to recover more than $75,000 would their suit fail for want of jurisdiction.  *Geschke v. Air Force Ass'n*, 425 F.3d 337, 341 (7th Cir. 2005).

Indiana law limits punitive damages to the greater of $50,000 or three times the amount of compensatory damages. *See* IND. CODE 34-51-3-4.  Thus, in this case, without considering consequential damages and other tort like damages such as emotional distress, Plaintiffs' claim is worth at least $65,574 (i.e. $50,000 in punitive damages plus $15,574 in out of pocket economic damages).  In addition, under Indiana law, an insured may recover damages in excess of the policy limits if the insurer denies a claim in bad faith.  *See Allstate Ins. Co. v. Hammond*, 759 N.E.2d 1162, 1167 (Ind. App. 2001) (insured could not collect uninsured motorist benefits from his insurer in excess of policy limits absent claim of bad-faith).  Furthermore, if Plaintiffs were to prevail on their bad-faith claim, they would be able to recover the panoply of tort damages associated with the denial of their claim and not just the damages stemming from the unpaid medical bills.  *See Erie Ins. Co. v. Hickman*, 622 N.E.2d 515, 519 (Ind. 1993) (in bad-faith tort claims, "all damages directly traceable to the wrong and arising without an intervening agency are recoverable"); *Patel v. United Fire & Cas. Co.*, 80 F. Supp.2d 948, 958 (N.D. Ind. 2000) (the Indiana Supreme Court, if presented with the issue, "would hold that an insured injured by the bad faith conduct of an insurer . . . is entitled to recover damages based upon traditional tort principles of compensation for resultant injuries actually suffered, including emotional distress").

In sum, Plaintiffs denied a request to admit that their claimed damages do not equal or exceed $75,000; they believed the damages to be more.  Because Indiana law allows for the recovery of tort-like damages in actions claiming bad-faith refusal to pay insurance claims, we

8

cannot say with legal certainty that Plaintiffs' damages, or what Plaintiffs "hoped to get out of the litigation," was less than or equal to $75,000 at the time of removal.

Plaintiffs argue that the request for admission was "inartfully drafted" and that Fortis should not be allowed to choose facts from Plaintiffs' response to support its position. Plaintiffs rely on *Weldy v. Kline*, 652 N.E.2d 107 (Ind. App. 1995). In *Weldy*, the estate of an employee who died in a swimming pool accident at a company party brought a wrongful death action against a co-employee who allegedly contributed to the accident. The defendant served requests for admission on the plaintiff, some of which were contradictory. For example, the defendant asked the plaintiff to admit: 1) that the deceased died as a result of his willing involvement in horseplay; and 2) that the deceased died as a result of his unwilling involvement in horseplay. *Id*. at 109. When the plaintiff never answered the requests to admit, all of them were deemed admitted and the defendant then cherry-picked those favorable to him to support a motion to dismiss. The trial court refused to dismiss the case based on the unanswered requests to admit. The Indiana appellate court affirmed this decision, holding that the requesting party "bears the burden of artfully drafting the statement of fact contained in a request for admission in a manner which is precise, unambiguous and not misleading to the answering party." *Id*. at 110.

*Weldy* is distinguishable on several levels. First, Fortis did not issue contradictory requests for admission. Indeed, there was only one request to admit served on each Plaintiff in this case and that request dealt with whether each plaintiff was claiming damages equal to or in excess of $75,000. Second, Fortis is not using the answers here as the basis for dismissal, but merely to show by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of removal. Third, Fortis' request is neither ambiguous nor misleading.

9

Fortis could have used fewer words in drafting the request (for instance, "admit that your damages do not exceed $75,000"), but the request as worded is still straightforward and easily understood. The Court is not persuaded that Plaintiffs were somehow misled by the requests. Any litigant in state court, when asked to admit or deny that his damages are below the $75,000 threshold, should understand that his answer may trigger removal of the case to federal court.

Finally, Plaintiffs rely on their post-removal deposition testimony which, according to Plaintiffs, "show[s] that the amount in controversy are economic damages believed to be under $25,000." [DE 14 at 3] Plaintiffs' depositions occurred ten months after removal. Therefore, they have no bearing on the amount in controversy at the time of removal. *See Rising-Moore*, 435 F.3d at 816 ("post-removal events . . . do not authorize remand of a suit that was within federal jurisdiction when removed").

Fortis has shown by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of removal, and it was not legally impossible at that time for Plaintiffs to recover more than the jurisdictional minimum. Therefore, jurisdiction is proper under §1332.

## **CONCLUSION**

Based on the foregoing, Plaintiffs' Motion To Remand for Lack of Diversity Jurisdiction [DE 14] is **DENIED**.

**SO ORDERED.**

ENTERED: June 15, 2006

                                               s/ Philip P. Simon
                                               PHILIP P. SIMON, JUDGE
                                               UNITED STATES DISTRICT COURT